1

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10                       ----oo0oo----

11

12   GURUDU-GROUP LLC, a South          No. 2:22-cv-01973 WBS JDP
     Carolina limited liability
13   company,

14              Plaintiff,              MEMORANDUM AND ORDER RE:
                                        DEFENDANT MINO'S MOTION TO
15        v.                            DISMISS OR TRANSFER VENUE

16   RAM ROBINSONS AUTOMATION
     MACHINERY LLC, a Michigan
17   limited liability company;
     ROBINSONS AUTOMATION MACHINERY
18   LIMITED, a United Kingdom
     business entity; and MINO
19   AUTOMATION USA INC., a Michigan
     corporation,
20
                Defendants.
21

22                       ----oo0oo----

23        Gurudu-Group LLC ("plaintiff") brought this action

24   against RAM Robinsons Automation Machinery LLC ("RAM

25   Robinsons"),[1] Robinsons Automation Machinery Limited ("Robinsons

26

27   _____

28        [1]   Plaintiff voluntarily dismissed defendant RAM
     Robinsons.  (Docket No. 14.)

                             1

1  UK"),[2] and Mino Automation USA Inc. ("Mino'), asserting claims

2  for breach of contract, money had and received, and unjust

3  enrichment.  (See generally Compl. (Docket No. 1.)  Before the

4  court is Mino's motion to dismiss or, in the alternative, to

5  transfer venue.  (Docket No. 21.)  Because counsel for Mino

6  informed the court yesterday that he has a conflict on the date

7  previously set for the hearing on his client's motion, in order

8  to avoid any further delay in ruling upon the motion, the court

9  takes the matter under submission and decides defendant's motion

10 on the papers without the necessity of oral argument.[3]

11 I.   Factual Allegations

12      Plaintiff is a group of engineers with experience in

13 industrial automation and maintenance projects.  (Compl. ¶ 11.)

14 From March 21, 2022, to approximately May 25, 2022, plaintiff

15 acted as a subcontractor for defendants.  (Id. ¶ 3.)  Defendants

16 contracted with plaintiff to perform the robot programming

17 services that Tesla had previously contracted with defendants to

18 perform on the Tesla Lathrop Project in Lathrop, California.

19 (Id. ¶ 1.)

20      Plaintiff alleges there was no formal, written contract

21 between plaintiff and defendants.  (Id. ¶ 2.)  Instead, the

22 parties had an oral contract which outlined the nature of the

23 work and the total amount due to plaintiff on a weekly basis.

24 (Id. ¶ 2.)  The hourly rate defendants were to pay plaintiff

25 ranged from $65 to $70 per hour.  (Id. ¶ 14.)  Tesla allegedly

26 _____

27      [2]   On April 14, 2023, the clerk entered default against
   defendant Robinsons UK.  (Docket No. 24.)

28      [3]   See Local Rule 230(g).

2

1    knew of and consented to defendants hiring plaintiff as a

2    subcontractor.  (Compl. ¶ 13.)

3          Plaintiff alleges it fully performed all obligations

4    under the contract (Id. ¶ 4.), but that defendants have failed to

5    pay plaintiff for its work on the Tesla Project.  (Id. ¶ 18.)

6    Defendants allegedly owe plaintiff $121,172.50, exclusive of

7    interest and costs.  (Id.)  Plaintiff's previous demands for

8    payment have been unsuccessful.  (Id. ¶¶ 4, 17.)

9    II.  Motion to Dismiss

10         Federal Rule of Civil Procedure 12(b)(6) allows for

11   dismissal when the plaintiff's complaint fails to state a claim

12   upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

13   "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."

14   Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  The inquiry

15   before the court is whether, accepting the allegations in the

16   complaint as true and drawing all reasonable inferences in the

17   plaintiff's favor, the complaint has alleged "sufficient facts

18   . . . to support a cognizable legal theory," id., and thereby

19   stated "a claim to relief that is plausible on its face," Bell

20   Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In deciding

21   such a motion, all material allegations of the complaint are

22   accepted as true, as well as all reasonable inferences to be

23   drawn from them.  Id.

24         Here, Mino argues plaintiff has failed to state a claim

25   against Mino because plaintiff had no contractual relationship

26   with Mino.  (See Mot. at 3-4.)  Specifically, Mino contends that

27   (1) plaintiff's sole written contract was with Robinsons UK and

28   (2) Mino's purchase orders with Robinsons UK make no mention of

                                    3

1  plaintiff, thereby demonstrating that Mino's relationship was

2  only with Robinsons UK.[4]  (Id.)   The court is not persuaded.

3        First, that plaintiff may have had a written contract

4  with Robinsons UK is not determinative of whether plaintiff had

5  an oral contract with Mino.  Moreover, simply because Mino's

6  purchase orders with Robinsons UK may not have mentioned

7  plaintiff does not mean that plaintiff had no oral contract with

8  Mino.  Second, plaintiff alleges facts which plausibly support

9  the existence of a contract.  For example, plaintiff included a

10  contemporaneous record of the invoice numbers, invoice dates, and

11  amounts due to plaintiff on each invoice.  (Compl. ¶ 4.)  Taking

12  plaintiff's allegations as true, as the court must at the motion

13  to dismiss stage, see Navarro, 250 F.3d at 732, the court finds

14  that plaintiff has pled facts sufficient to support its claims

15  against Mino.  Accordingly, the court must deny Mino's motion to

16  dismiss.

17  III. Motion to Transfer

18        In the alternative, defendant seeks to transfer this

19  case to the Eastern District of Michigan.  (See generally Mot.)

20  "A defendant for whom venue is proper but inconvenient may move

21  for a change of venue under 28 U.S.C. § 1404(a)."  Action

22  Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1181

23  (9th Cir. 2004); 28 U.S.C. § 1404(a) ("For the convenience of

24  _____

25        [4]   In support of its arguments, Mino relies on a
   declaration attached to a terminated motion to dismiss filed by
26  Robinsons UK.  (See Mot. at 3; Docket Nos. 9, 14.)  On a motion
   to dismiss, the court does not consider any matters outside the
27  pleadings unless they are incorporated by reference.  Moreover,
   even if the court considered these documents, the motion still
28  fails.

4

1    parties and witnesses, in the interest of justice, a district

2    court may transfer any civil action to any other district or

3    division where it might have been brought.").

4         The moving party has the burden of showing that

5    transfer is appropriate.  Williams v. Bowman, 157 F. Supp. 2d

6    1103, 1106 (N.D. Cal. 2001).  Because the statute contemplates

7    transfer "to any other district or division where it might have

8    been brought," 28 U.S.C. § 1404(a), defendant must first make a

9    threshold showing that venue and jurisdiction would be proper in

10   the district to which it seeks transfer.  Vu v. Ortho-McNeil

11   Pharm., Inc., 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009); see

12   also F.T.C. v. Watson Pharm., Inc., 611 F. Supp. 2d 1081, 1090

13   (C.D. Cal. 2009) ("For transfer under § 1404(a), the threshold

14   issue is whether the case 'might have been brought' in the

15   proposed venue.").

16        Here, Mino has shown that venue would be proper in the

17   Eastern District of Michigan.  As plaintiff points out, not all

18   defendants are residents of Michigan.  See 28 U.S.C. § 1391(b)(1)

19   (venue is proper in "a judicial district in which any defendant

20   resides, if all defendants are residents of the State in which

21   the district is located").  However, because Robinsons UK (the

22   other remaining defendant) is a foreign entity, it may be sued in

23   any judicial district and its residency is not considered for

24   determining where venue may be proper.  See 28 U.S.C § 1391(c)(3)

25   ("[A] defendant not resident in the United States may be sued in

26   any judicial district, and the joinder of such a defendant shall

27   be disregarded in determining where the action may be brought

28   with respect to other defendants.").  Thus, because Mino is a

1  resident of the Eastern District of Michigan, venue there would
2  be proper.

3          Since venue and jurisdiction would be proper in the
4  Eastern District of Michigan, next "the [c]ourt must evaluate
5  three elements: (1) convenience of the parties; (2) convenience
6  of the witnesses; and (3) interests of justice." Anza Tech.,
7  Inc. v. Toshiva Am. Elec. Components, No. 2:17-cv-01688 WBS DB,
8  2017 WL 6538994, at *2 (E.D. Cal. Dec. 21, 2017) (quoting
9  Safarian, Inc., 559 F. Supp. 2d at 1071) (quotations omitted).
10  This analysis may include a number of factors, such as the
11  plaintiff's choice of forum, the parties' contacts with the
12  forum, the contacts relating to the plaintiff's cause of action
13  in the chosen forum, the differences in the costs of litigation
14  in the two forums, the ease of access to the evidence, and the
15  feasibility of consolidating other claims. Jones v. GNC
16  Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Decker
17  Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.
18  1986). Section 1404(a) affords district courts broad discretion
19  "to adjudicate motions for transfer according to an
20  individualized, case-by-case consideration of convenience and
21  fairness." Jones, 211 F.3d at 498 (quoting Stewart Org. v. Ricoh
22  Corp., 487 U.S. 22, 29 (1988)) (internal quotation marks
23  omitted).

24          The court finds the balance of factors does not weigh
25  in favor of transfer to the Eastern District of Michigan. First,
26  in considering convenience of the parties, courts generally
27  accord "great weight" to the plaintiff's choice of forum. Lou v.
28  Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Second, defendant

1   has not identified any specific witnesses in the Eastern District

2   of Michigan.  See Williams, 157 F. Supp. 2d at 1108 ("To

3   demonstrate the inconvenience of witnesses, the moving party must

4   identify relevant witnesses, state their location and describe

5   their testimony and its relevance.").  Third, the Eastern

6   District of California has an interest in the controversy as the

7   events giving rise to this litigation occurred in connection with

8   a Tesla manufacturing plant located within this district.  Mino

9   has therefore failed to make the requisite "strong showing of

10   inconvenience to warrant upsetting the plaintiff's choice of

11   forum."  Decker Coal, 805 F.2d at 843.  For the foregoing

12   reasons, the court finds transfer is not appropriate in this

13   case.

14        IT IS THEREFORE ORDERED that defendant Mino's motion to

15   dismiss or in the alternative transfer venue (Docket No. 21) be,

16   and hereby is, DENIED.

17   Dated:  July 7, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28