UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURUDU-GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAM ROBINSONS AUTOMATION MACHINERY LLC, ROBINSONS AUTOMATION MACHINERY LIMITED, and MINO AUTOMATION USA INC.,<br><br>Defendants. | Case No. 2:22-cv-01973-WBS-JDP<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>ECF No. 36 |

Plaintiff brought this action against defendants RAM Robinsons Automation Machinery LLC, Robinsons Automation Machinery Limited ("Robinsons UK"), and Mino Automation USA Inc., alleging claims for breach of oral contract, money had and received, and unjust enrichment.[1] *See* ECF No. 1. After waiving service of process, defendant Robinsons UK did not file a response to the complaint, and the clerk entered default. ECF Nos. 15 & 24. Plaintiff now requests entry of default judgment against Robinsons UK under Federal Rule of Civil Procedure

---

[1] Plaintiff voluntarily dismissed defendant RAM Robinsons Automation Machinery LLC. *See* ECF No. 14. The district judge dismissed defendant Mino Automation USA Inc. by stipulation. *See* ECF No. 35.

1

55(b).  ECF No. 36.  As explained below, because plaintiff has not submitted adequate briefing to show that default judgment is warranted, I will deny the request without prejudice.[2]

## Background

Plaintiff, a South Carolina limited liability company, specializes in industrial automation. ECF No. 1 ¶ 11.  Defendants hired plaintiff as a subcontractor to perform robot programming services for a project at Tesla—referred to as the "Tesla Lathrop Project," located in Lathrop, California—after defendants were unable to deliver the services by Tesla's deadline.  Tesla knew of, and consented to, defendants hiring plaintiff as a subcontractor.  *Id.* ¶¶ 1, 12-13.

Before plaintiff started working on the Tesla project, plaintiff and defendants entered into an oral contract that outlined the nature of the work to be performed and defendants' payments. ECF No. 1 ¶¶ 2, 14.  In particular, defendants agreed to pay plaintiff's programmers between $65 to $70 per hour for their services.  *Id.* ¶ 14.  From March 21, 2022, to approximately May 25, 2022, plaintiff diligently worked as defendants' subcontractor and received praise from Tesla for its performance.  *Id.* ¶¶ 3, 15.  Plaintiff sent weekly invoices to defendants outlining the number of hours each programmer worked.  *Id.* ¶ 16.

Although plaintiff performed its obligations under the contract and sent multiple demands for payment, defendants failed to pay plaintiff.  ECF No. 1 ¶ 17.  Defendants owe plaintiff $121,172.50, exclusive of interest and costs.  *Id.* ¶¶ 4, 18.

## Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure instructs the court clerk to enter default when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Under Rule 55(b), a plaintiff may apply to the district court for a default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  An initial entry of default by the court clerk, however, does not automatically entitle a plaintiff to a court-ordered judgment.  "[T]he general rule [is] that default judgments are ordinarily disfavored."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted).  "Whenever it is reasonably possible, cases should be decided

---

[2] Pursuant to Local Rule 230(g), the hearing calendared for March 7, 2024, was vacated and the matter was ordered submitted without oral argument.  *See* ECF No. 38.

upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (citation omitted).

## Discussion

Plaintiff's request for default judgment is deficient for several reasons.  First, plaintiff fails to address critical jurisdictional issues.  "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Plaintiff, as the party asserting jurisdiction, "bears the burden to establish jurisdictional facts." *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019) (citation omitted).  The complaint alleges that defendant Robinsons UK is a business entity with a principal place of business in Southampton, Hampshire, in the United Kingdom.  Id. at 1 ¶ 7.  For an entry of default judgment to be valid, plaintiff must demonstrate that the court may properly exercise both subject matter jurisdiction and personal jurisdiction over this foreign party.

Next, plaintiff's request lacks any discussion of the so-called *Eitel* factors.  The Ninth Circuit in *Eitel* identified the following factors as relevant to a court's discretionary decision to grant or deny a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the pleading, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong public policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471-72.  Because plaintiff does not address these issues, the request for default judgment is inadequate.

Plaintiff's damages request is likewise inadequate.  Although plaintiff's counsel submits a declaration in support of the request for default judgment, counsel only references the complaint when stating that defendants owe plaintiff $121,172.50. *See* ECF No. 36-1 ¶ 2 ("As set forth in its complaint, Gurudu was owed $121,172.50 for robot programming services it performed at the Tesla Lathrop Project.").  In the context of a motion for default judgment, the general rule is that well-pleaded allegations of the complaint—except those concerning the amount of damages— will be taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

1987) (citation omitted). Plaintiff's counsel does not provide any detailed information or documentation to substantiate the amount. *See, e.g.*, *Bostik, Inc. v. J.E. Higgins Lumber Co.*, 2013 WL 312074, at *4 (N.D. Cal. Jan. 10, 2013) (requiring the plaintiff seeking default judgment to "'prove up' the amount of damages, fees, and costs it requests by providing admissible evidence in the form of clear declarations, calculations, witness testimony, or other documentation supporting its request").

**Conclusion**

Based on the above, it is hereby ORDERED that plaintiff's request for default judgment, ECF No. 36, is denied without prejudice.

IT IS SO ORDERED.

Dated:   May 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE